UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Gerald Donald Richter,<br><br>       Petitioner,<br><br>v.<br><br>Lawrence A. Richter, *Trustee of Donald H. Richter Revocable Living Trust dated March 31, 2011 as amended et al.*, and<br><br>Waldemar Senyk, *District Court Judge, Seventh Judicial District, State of Minnesota*,<br><br>       Respondents. | File No. 18-cv-1879 (ECT/LIB)<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |

_____

Petitioner Gerald Donald Richter commenced this action pro se by filing a Petition for Mandamus/Prohibition. Pet. [ECF No. 1]. Petitioner subsequently filed a motion for issuance of a writ of mandamus with declaratory judgment declaring all judgments of state-court judge Waldemar Senyk void ab initio, *see generally* Mandamus Mot. [ECF No. 29], and Respondent Lawrence A. Richter, as trustee for the Donald H. Richter Revocable Living Trust, moved to dismiss the petition for lack of subject-matter jurisdiction, among other grounds, and seeking attorney's fees and injunctive relief, *see* Mot. D. [ECF No. 19]; Mem. In Supp. Mot. D. at 4–6 [ECF No. 20]. United States Magistrate Judge Leo I. Brisbois heard argument on both motions. ECF No. 45. On March 11, 2019, he issued a Report and Recommendation recommending that Petitioner's motion be denied, that Respondent's motion to dismiss be granted insofar as it sought dismissal for lack of subject-matter jurisdiction and denied insofar as it sought attorney's fees and injunctive

relief, and that the petition be dismissed with prejudice. R&R at 10. Petitioner filed objections to the Report and Recommendation. ECF No. 47.

Because Petitioner objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Bribois' analysis and conclusions are largely correct. Specifically, under the *Rooker-Feldman* doctrine, the petition must be dismissed for lack of subject-matter jurisdiction, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), and Respondent's request for injunctive relief and attorney's fees are procedurally deficient, *see* R&R at 9–10. Rather than dismiss the petition *with* prejudice, however, the dismissal will be *without* prejudice. A dismissal for lack of subject-matter jurisdiction "implies nothing about the merits of the dismissed claims because the court is not empowered to address the merits of the dispute." *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1012 (D. Minn. 2008). For that reason, dismissals for lack of subject-matter jurisdiction ordinarily are without prejudice. *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (collecting cases).

Based on the foregoing, and on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation [ECF No. 46] is **ACCEPTED IN PART** and **REJECTED IN PART** as described above;

2. Respondent Lawrence A. Richter's Motion to Dismiss [ECF No. 19] is **GRANTED** insofar as it seeks dismissal for lack of subject-matter jurisdiction and **DENIED** in all other respects;

3. Petitioner's Motion for Issuance of Writ of Mandamus with Declar[a]tory Judgment Declaring All Judgments of Waldemar Senyk and Judgments Based Upon Senyk's Judgments Void Ab Initio Pursuant F.R.C.P. Rule 60(b)(1–6) & (d)(3) [ECF No. 29] is **DENIED**; and

4. The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: May 21, 2019              s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court